Hely v. Fred Hoertz & Co.

CASE 15—ACTION BY EDWARD HELY AGAINST FRED HOERTZ & CO., ON
PETITION FOR REHEARING AS TO ALLOWANCE TO COMMISSIONER.—
NOVEMBER 22.

# Hely v. Fred Hoertz & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH, DIVISION NO.
2—STERLING B. TONEY, JUDGE.

ON PETITION FOR REHEARING AS TO ALLOWANCE TO COMMISSIONER.
PETITION GRANTED.

COMMISSIONER—ALLOWANCE—PROOF OF TIME ENGAGED.

The affidavit by a commissioner, under Ky. St., sec. 396, de-
claring that no allowance shall be made to a commissioner to
whom a cause has been referred until he has filed a statement
under oath of the number of days he has acted, is sufficient, if
not rebutted, to prove the number of days he has acted, so as to
entitle him to the compensation of $3 per day, as fixed by sec-
tion 1740.
   For original opinion, see 82 S. W., 402, 26 R., 644.

WM. MARSHALL BULLITT, FOR APPELLANT ON PETITION FOR REHEAR-
ING.

   1. The allowance to the commissioner was in excess of that
authorized by law; $135 was the maximum that could be allowed.
   2. Upon the state of the record no allowance should have been
made.
   3. The opinion should be extended to the extent of setting aside
the $300, allowance to the commissioner; require proof to be
taken upon the reasonableness of any allowance—in no event to
exceed $3.00 per day for forty-five days, aggregating $135 in all.
McHenry v. Winston, 105 Ky., 307; Garr v. Roy, 20 R., 1097;
Wathen v. England, 19 R., 1603; Russell v. Avritt, 19 R., 203;
Fidelity Nat. Bank v. Youtsey, 26 R., 340; Ky. Statutes, sec. 396.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM.

   We are asked in the petition for an extension of the opin-
ion heretofore delivered in this case to pass upon the ex-
ceptions of appellant to the allowance of $300 to the master
commissioner for his services.   Accompanying the report of

the deputy commissioner to whom the case was referred was his affidavit, made in conformity with section 396 of the Kentucky Statutes, that he had been continually engaged in the consideration of the case 45 days, and asked that he be allowed $300 for his services. Exception was filed to the allowance of this claim, which was overruled.

Upon this appeal appellant insists, first, that, in the absence of an agreement between the parties, on the showing made by the commissioner in his affidavit, he was only entitled to be paid, under section 1740 of the Kentucky Statutes, $3 per day, or, in the aggregate, $135. But the farther contention is made that, after appellant had filed formal exceptions to the claim made by the master commissioner for the allowance, the burden was upon him to establish the validity of his claim, and that his affidavit made in conformity with the statute was not *prima facie* evidence for that purpose, and, in the absence of other competent evidence, that his entire claim should have been rejected.

This court has frequently decided that, under section 396 of the Kentucky Statutes, no allowance in any case could be made to the commissioner or receiver until he had filed in court a written statement, under oath, of the number of days he had acted, and that, under section 1740 of the Kentucky Statutes, he was only entitled to receive $3 per day for each day actually engaged in the consideration of the case, in the absence of an agreement by the parties that a larger sum should be allowed. See McHenry v. Winston, 105 Ky., 307, 20 R., 1194, 49 S. W., 971; Garr v. Roy, 50 S. W., 25, 20 Ky. Law Rep., 1697. But when the records of the court show a reference to the commissioner for report, and he accompanies the report made thereunder by a written statement, under oath, reciting the number of, days he acted in the case, the affidavit is sufficient evidence

to establish the fact, if not rebutted, or the contrary proven by the party excepting thereto.

For the reason indicated, the allowance to the commissioner in this case is reduced to $135, and the case remanded for proceedings consistent with this opinion.